## Madison Coal Co. v. Arthur Beam.

1. PRACTICE—*Objections to Declaration After Verdict.*—Where there is one good count in a declaration, the objection that another count is defective can not be made for the first time after verdict.

2. SAME—*Allowing the Jury to Separate.*—An objection that the court stated to the jury if they did not agree upon a verdict within an hour (it being then 11 P. M.) they might separate and come together again on the next day and further consider their verdict, no injury to the defendant being shown, is without force.

3. NEW TRIALS—*Newly Discovered Evidence.*—Where the newly discovered evidence relied upon for a new trial is merely cumulative and not conclusive, the motion is properly overruled.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

E. C. Springer, attorney for appellant.

C. L. Cook and E. B. Glass, attorneys for appellee.

Mr. Presiding Justice Green delivered the opinion of the Court.

This suit was brought by appellee against appellant to recover damages for personal injury, averred to have been caused by the negligence of appellant. The jury found defendant guilty, and assessed plaintiff's damages at $700. Defendant entered its motion for a new trial, which the court overruled, and entered judgment for the damages assessed and costs of suit. Defendant took this appeal and in the argument insists as reasons for reversal :

First. That the evidence does not sustain the first count of the declaration. It is averred in this count that defendant was on and before the 28th day of November, 1894 (the day the injury was received), the owner of and operated a certain coal mine in said county, and as such owner and operator it was its duty to keep a supply of timber on hand, to be used as props and cap-pieces, and deliver the same as required or needed by the miners in said mine, so that the miners or workmen in the employ of the defendant in said mine might at all times be able to properly secure the roof, or any part of said mine, for their own safety. Yet defendant, while it so owned and operated said mine, not regarding its said duty, on the day aforesaid, wrongfully and negligently failed and omitted to keep a supply of timber on hand, to be used as aforesaid, for props and cap-pieces, and failed to deliver the same, as required by law, when the same were needed and required in said mine, so that the workmen in said mine might be able to properly secure the workings of said mine for their own safety. By means whereof, the plaintiff, who was then and there a workman in the employ of defendant, in said mine, and under the direction of defendant and its authorized agents, while he was with all due care, caution and diligence, and without fault on his part, under the direction of defendant and its authorized agents, loading

empty cars in said mine for defendant, was violently and with great force thrown down by means of a great mass of clod, dirt, stone and slate, comprising the roof of said mine, falling upon him, and which crushed and wounded his foot, causing the same to be permanently deformed, maimed and injured. And thereby plaintiff became sick, lame and disordered, and suffered and still suffers and will continue to suffer great pain, and was thereby prevented from transacting his business affairs, and was obliged to and did expend divers sum of money in and about endeavoring to be healed of said wounds and injuries.

We have examined the evidence in the record, and if the jury believed the witnesses for plaintiff, the material averments in said count were proved by their testimony, and although a conflict in the evidence upon these averments was raised by the evidence for defendant, yet the jury, who saw and heard the witnesses, and whose province it was to find the facts, determined in favor of plaintiff, and the trial court, with like opportunity to see and hear those who testified, approved the finding. Under these circumstances we decline to interfere and set it aside.

Second. It is objected that the second count of the declaration "proceeds upon the theory" that defendant is a guarantor or insurer of the safety of its servants, and thereupon the second and third instructions given for plaintiff are criticised—the second, because by it the jury were misinformed as to the duty imposed by law upon defendant with regard to propping the roof of the mine "as claimed in the declaration;" and the third, because it informed the jury to find defendant guilty, if they believed from the evidence "that the pit boss directed plaintiff to work where the shooter (Sauer) should tell him to work." We have examined the instructions *as shown by the record*, the abstract not containing those given for defendant, and feel satisfied that the jury were properly informed by said instructions as to the law, and desire further to say said third instruction, when *the whole* of it is considered, is correct. The second count of the declaration, if defective as claimed, was not demurred to,

but a plea of not guilty was filed to it, and said first count certainly sets up a good cause of action.

There being one good count pleaded to, the objection that another count is substantially defective, can not be made for the first time after verdict. L. E. & W. R. R. Co. v. Middlecoff et al., 150 Ill. 34; and several earlier reported cases, announces this rule.

It is also objected that the court told the jury if they did not agree upon a verdict within an hour they might separate and come together again on the next day, and further consider their verdict. The jury failed to agree within the time, and at 11 o'clock P. M. separated, and met together again at 8 A. M. next day, and no injury or prejudice to defendant's rights by such separation is shown or suggested. This objection is without force.

The next, and only other objection that we shall refer to, is, that the court refused to grant a new trial on the ground of newly discovered evidence. This evidence was merely cumulative, and not conclusive. Hence it was not error to refuse a new trial on said ground. Dyk v. De Young, 133 Ill. 85; Klein v. People, 113 Ill. 596; Wisconsin Cent. R. R. Co. v. Ross, 142 Ill. 18, 19.

We are satisfied the verdict and judgment are right; that the appellee received serious injuries by reason of defendant's negligence, as complained of in said first count, and the damages assessed were not excessive.

The judgment is affirmed.